UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LEE JASON KIBLER, d/b/a DJ LOGIC,
an individual,

    Plaintiff,

v.

ROBERT BRYSON HALL II, an individual,
TEAM VISIONARY MUSIC GROUP, INC.
a New Jersey corporation; DEF JAM RECORDS,
INC. a Delaware corporation; WILLIAM
MORRIS ENDEAVOR ENTERTAINMENT,
LLC, a Delaware limited liability company,
THREE OH ONE PRODUCTIONS, LLC,
a New York limited liability company,

    Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff Lee Jason Kibler, a/k/a DJ Logic ("Logic" or "Plaintiff"), for his Complaint against Defendants Robert Bryson Hall, II, ("Hall"), Team Visionary Music Group ("Team Visionary"), Def Jam Records, Inc.("Def Jam"), William Morris Endeavor Entertainment, LLC ("WME"), and Three Oh One Productions, LLC ("Three Oh One"), (collectively "Defendants"), hereby states and alleges as follows:

### NATURE OF CASE

1.    Since no later than 1999, Plaintiff Lee Jason Kibler has continuously engaged in the entertainment business in the State of Michigan and beyond under the mark DJ LOGIC (the "Mark"), including the production, composition and re-mixing of original, copyrighted music in an eclectic assortment of genres, including hip-hop and jazz. Since at least 1999, Plaintiff has continually performed his original, copyrighted music at live performances under the Mark, in

clubs and for recording, and the sale of recordings and collateral DJ LOGIC merchandise. Plaintiff owns the federally registered mark DJ LOGIC, Registration No. 4371378 ("the Mark"). As a direct result of the foregoing activities, Plaintiff has acquired exclusive rights in the "DJ LOGIC" trade name, trademark and service mark for his musical entertainment goods and services.

2. Defendant Hall has begun to perform and continues to perform entertainment and musical services under the infringing name "Logic."

3. Defendants Team Visionary, Def Jam, WME and Three Oh One have also infringed on Plaintiff's Mark through their use and promotion of the infringing name "Logic" in reference to Hall and Hall's musical recordings and performances.

4. Defendants' unlawful acts have caused and continue to cause consumers to believe that Plaintiff is affiliated with Defendants or has endorsed Defendants' products and services, thus jeopardizing the goodwill associated with the Mark, unjustly enriching Defendants, who benefit from the association, and causing confusion for the public seeking Plaintiff's services.

5. On information and belief, Defendants' unlawful acts have lessened the capacity of the Mark to identify and distinguish the services Plaintiff provides under the Mark, thus diluting the Mark's distinctive quality.

6. In addition, on information and belief, Defendants have intentionally profited from their unauthorized use of the Mark and have made unauthorized commercial use of the Mark in Michigan and elsewhere to their benefit and to the detriment of Plaintiff and of consumers, in violation of the laws set forth above.

## THE PARTIES

7. Plaintiff Lee Jason Kibler, a/k/a DJ Logic is an individual performance artist who has performed throughout the United States, including in southeastern Michigan, under the Mark DJ LOGIC.

8. Defendant Robert Bryson Hall, II is an individual performance artist who has performed throughout the United States, including in southeastern Michigan under the name "Logic."

9. Defendant Team Visionary Music Group is a corporation organized and existing under the laws of the State of New Jersey, and it is engaged in the entertainment business throughout the United States, including in southeastern Michigan.

10. Defendant Def Jam Records, Inc. is a corporation organized and existing under the laws of the State of Delaware, and it is engaged in the entertainment business throughout the United States, including in southeastern Michigan.

11. Defendant Three Oh One is a corporation organized and existing under the laws of the State of New York, and, on information and belief, it is engaged in the entertainment business throughout the United States, including in southeastern Michigan.

12. On information and belief, at all relevant times with respect to the offenses alleged in this Complaint, the Defendants were acting in concert, with the knowledge and consent of the other Defendants, such that each and every Defendant is liable and responsible for the acts of the remaining Defendants.

## JURISDICTION AND VENUE

13. This action arises, inter alia, under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., as amended (the "Lanham Act"). This Court has subject matter jurisdiction pursuant to

Section 39 of the Lanham Act, 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338(a) (trademark infringement), supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), and jurisdiction over the declaratory judgment claim pursuant to 28 U.S.C. § 2201.

14. On information and belief, jurisdiction in this Court is proper because Defendants do business in, and/or are subject to personal jurisdiction in this judicial district.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

**Plaintiff's adoption and longstanding use of the DJ LOGIC Mark.**

16. Plaintiff DJ Logic is a nationally recognized musical performance artist. Since at least as early as 1999, Plaintiff has been using the DJ LOGIC name and Mark to identify the source of his musical products and services (and related merchandise) and to distinguish his musical products and services (and related merchandise) from the related products and services (and merchandise) of others.

17. At least as early as 1999, Plaintiff began producing original music and performing live music under the DJ LOGIC name and Mark.

18. At least as early as 1999, Plaintiff began recording, distributing, marketing, promoting, and selling sound recordings under the DJ LOGIC name and Mark.

19. In 1999, Plaintiff released the music album Project Logic under the DJ LOGIC name and Mark, and under the label of Ropeadope Records.

20. In 2001, Plaintiff released the album Anomoly under the DJ Logic name and Mark, and under the label of Atlantic Records. The Anomoly album featured collaborations with other established music artists, including Vernon Reid, John Medesky and Melvin Gibbs.

21. Plaintiff, under the DJ LOGIC name and Mark, collaborated with Vernon Reid on the 2002 album Front End Lifter under the label of Ropeadope Records, and the 2004 album The Tao of Yo under the label of Thirsty Ear Records.

22. Plaintiff, under the DJ Logic name and Mark, released the 2006 album Zen of Logic, under the label of Ropeadope Records.

23. Since 1999, Plaintiff has consistently toured throughout the United States, performing hundreds of live shows in at least 46 states, including numerous shows in the State of Michigan.

24. Plaintiff has used and prominently displayed the DJ LOGIC name and Mark in commerce throughout the United States since at least as early as 1999.

25. Plaintiff has used and prominently displayed the DJ LOGIC Mark in commerce in collaboration with other nationally recognized performers and recording artists, including John Mayer, Jake Johnson, Widespread Panic, O.A.R., Vernon Reid (of Living Colour), John Popper (of Blues Traveler), The Roots, Marcus Miller, Carly Simon, Billy Holiday (remix), Nina Simone (remix), Warren Haynes, and Medesky Martin & Wood.

26. As a direct result of Plaintiff's long and extensive experience, care, and skill in performing all of the foregoing activities under the prominently displayed DJ LOGIC Mark, the music industry and its public have come to identify Plaintiff as the sole and exclusive source of original music recordings, compositions, performances and related products to which the DJ LOGIC Mark is applied.

27. As a further direct result of Plaintiff's long and extensive experience, care, and skill in performing all of the foregoing activities under the prominently displayed DJ LOGIC

Mark, Plaintiff has earned a reputation and established notoriety, recognition, credibility, and goodwill in the DJ LOGIC Mark.

28. Plaintiff is the owner of the Mark DJ LOGIC, registered with the United States Patent and Trademark Office, Registration No. 4371378 in association with:

> pre-recorded audio compact discs featuring music; digital media, namely, pre-recorded digital discs, downloadable audio files, downloadable audio recordings featuring music; digital music downloadable from the internet; downloadable musical sound recordings; musical sound recordings; series of musical sound recordings

and

> entertainment services, namely, live performances by a musical band, live performances by a disc jockey, and live performances featuring pre-recorded vocal and instrumental performances.

**Defendants' willful infringement of Plaintiffs' rights in the DJ LOGIC Mark.**

29. Defendants recently began marketing, promoting, and advertising Defendant Hall as a competing musical act referred to as "Logic." Defendants have and intend to continue recording, performing, advertising, marketing and selling recordings and live performances under the name "Logic" in the State of Michigan and throughout the United States.

30. Defendant Hall has performed under the name "Logic" in various venues throughout the United States, including in Michigan, and has announced additional plans to perform under the name "Logic."

31. Defendants have marketed, promoted, advertised and performed under the name "Logic" in many of the same venues at which Plaintiff has performed, including the Blind Pig in Ann Arbor, Michigan and DTE Energy Music Theater in Clarkston, Michigan.

32. Defendants' advertising states that Hall, under the name "Logic," will release his first album under the label of Defendant Def Jam Records in the first quarter of 2014.

33. Defendants' advertising states that Hall, under the name "Logic," will shortly release a single.

34. In conjunction with Defendant WME and Defendant Def Jam Records, Defendant Team Visionary Music Group produces and promotes Hall's recordings, manages and promotes Hall's career, and releases Hall's recordings, all under Hall's infringing name "Logic."

35. In conjunction with Defendant WME and Defendant Team Visionary Music Group, Defendant Def Jam Records produces and promotes Hall's recordings, manages and promotes Hall's career and releases Hall's recordings, all under Hall's infringing name "Logic."

36. In conjunction with Defendant Team Visionary Music Group and Defendant Def Jam Records, Defendant WME manages and promotes Hall's career, and manages and promotes Hall's performances, all under Hall's infringing name "Logic."

37. Defendant Three Oh One has filed an application with the USPTO for registration of the mark LOGIC in association with:

> musical sound recordings and musical audiovisual recordings featuring rap and hip hop music; pre-recorded compact discs and dvd's featuring rap and hip hop music; digital media, namely, downloadable audio files and downloadable audio and video files featuring rap and hip hop music; downloadable ring tones and music via the internet and wireless devices; downloadable sound recordings featuring rap and hip hop music; downloadable video recordings featuring rap and hip hop music; downloadable electronic publications in the nature of books, booklets, magazines, journals, manuals, brochures, leaflets, pamphlets and newsletters, all featuring rap and hip hop music

> and

> entertainment services in the nature of personal appearances by a rap and hip hop musical group; entertainment services, namely, televised, radio and computer communications network appearances by a rap and hip hop musical group; entertainment services in the nature of audio and visual performances by a rap and hip hop musical group; audio and video recording services; fan club services; entertainment services, namely, providing a website featuring non-downloadable musical performances, musical videos, related film clips, photographs and other multimedia materials featuring a rap and hip hop musical group; entertainment services, namely, providing non-downloadable ringtones, pre-recorded music, and graphics presented to mobile communications devices via a global computer network and wireless networks

38. The application for registration of the LOGIC mark, Serial No. 85755964, specifies that "the wording 'LOGIC' identifies the stage name of Sir Robert Bryson Hall II, a living individual whose consent is of record."

39. Through an Office Action dated August 9, 2013, the USPTO refused registration of Defendant Three Oh One's application for registration of the LOGIC mark. Three Oh One has not responded to the August 9, 2013 Office Action refusing registration.

40. Defendants' use of the "Logic" name began long after Plaintiff's adoption and use of the DJ LOGIC Mark. Defendants have engaged in, and continue to engage in, all of the foregoing activities without Plaintiff's consent, permission, or authority. Moreover, Defendants have engaged in, and continue to engage in, all of the foregoing activities with full knowledge of, and intentional disregard for, Plaintiff's rights in the virtually-identical DJ LOGIC Mark.

41. On information and belief, prior to Defendants' adoption of name "Logic," Defendants had knowledge of Plaintiff's virtually-identical DJ LOGIC Mark.

42. On September 12, 2012, attorney for Plaintiff Michael K. Twersky sent cease and desist correspondence to Defendants Team Visionary and WME. In the September 12, 2012 correspondence, Plaintiff informed Defendants that Plaintiff has exclusive rights to the DJ LOGIC Mark, and Plaintiff specifically demanded that Defendants "immediately discontinue using the name 'Logic' in" connection with Defendant Hall.

43. On September 24, 2012, attorney Mark D. Passler responded to Plaintiff's cease and desist correspondence, stating that he would "review the matter and be in touch with you shortly." Neither Mr. Passler nor any other representative of Defendants ever provided a substantive response to Plaintiff's September 12, 2012 cease and desist demand. However, less

than a month later, Mr. Passler, on behalf of Defendant Three Oh One, filed the application for registration of the "Logic" mark with the United States Patent and Trademark Office.

44. Defendants have continued to use the infringing "Logic" name even after being specifically notified of Plaintiff's ownership o the DJ LOGIC Mark.

45. Despite Plaintiff's demands, Defendants continue to knowingly and deliberately infringe upon Plaintiff's DJ LOGIC Mark with complete and total disregard for Plaintiff's rights. The parties' respective marks are virtually identical.  Defendants' continuing infringement after being notified of Plaintiff's ownership of the DJ LOGIC Mark illustrates Defendants' bad faith intent to willfully infringe on Plaintiff's DJ LOGIC Mark.

46. Plaintiff and Defendants both use the Mark in connection with identical and/or closely related goods and services.

47. On information and belief, the parties' marketing channels are identical.

48. On multiple occasions, media outlets and fans of Plaintiff have been actually confused by Defendants' use of the infringing name "Logic."

49. Defendants' unauthorized use of Plaintiff's Mark has caused, and is likely to continue to cause, confusion and mistake among consumers as to source, sponsorship, and approval of Defendants' goods, and the affiliation, connection or association between Defendants and Plaintiff, all to Plaintiff's substantial harm.

50. Defendants' use of Plaintiff's Mark has caused and is causing actual confusion and initial interest confusion among consumers.  Defendants' conduct creates the likelihood of both forward confusion, whereby the public is deceived into believing that Defendants' name, goods and services are produced, provided, endorsed, or authorized by Plaintiff, and reverse confusion, whereby the public is deceived into believing that Plaintiff's name, goods and

services are produced, provided, endorsed, or authorized by Defendants, or, alternatively, that Plaintiff is an imitator and infringer of Defendants and their use of Plaintiff's registered Mark.

51. Defendants' use of Plaintiff's registered Mark deprives, and will continue to deprive, Plaintiff of the benefit of the goodwill Plaintiff has built up in the DJ LOGIC Mark, and threatens to destroy Plaintiff's goodwill.

52. Defendants have continued to use a name that is confusingly similar to Plaintiff's registered Mark in connection with goods and services that are competitive with and closely related to Plaintiff's goods and services, despite Defendants' knowledge and actual notice of Plaintiff's superior rights in the Mark and despite Plaintiff's express written demand to Defendants to cease all use of Plaintiff's Mark.

## COUNT I
### False designations of origin and false descriptions in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

53. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 above.

54. Defendants' conduct constitutes the unauthorized use in commerce of the registered DJ LOGIC Mark, or of a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the origin, sponsorship, or approval of Defendants' goods, services and commercial activities by Plaintiff, and which accordingly constitutes unfair competition and infringement of Plaintiff's registered Mark.

55. Shortly, Defendants' conduct, by virtue of the exposure of the national release of an album under the infringing "Logic" name and under Defendant Def Jam Records' label, will become likely to, and will, create additional confusion, cause mistake and deceive the public as to the origin, sponsorship, or approval of Plaintiff's name and the infringing mark by Defendants

– also known as "reverse confusion" – thus irreparably depriving Plaintiff of the benefit of his many years of effort to establish the DJ LOGIC Mark and name in the music industry.

56. On information and belief, Defendants adopted the "Logic" name with full knowledge of Plaintiff's prior use of the DJ LOGIC Mark. Accordingly, Defendants' acts have been and are willful, deliberate and in bad faith.

57. Defendants' acts complained of above are violative of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Defendants' violation of this statute has irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendants will continue the infringement, further injuring Plaintiff and the public.

## COUNT II
### Federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

59. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-58 above.

60. Defendants' acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' use in commerce of the infringing name "Logic," which commenced after Plaintiff's Mark became famous, is likely to cause, and has caused, dilution of the distinctive quality of Plaintiff's famous Mark.

61. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

62. Plaintiff has been, and continues to be, irreparably damaged by the violation of this statute, and he has no adequate remedy at law. Unless enjoined, Defendants will continue their infringing use of the name "Logic," further injuring Plaintiff and the public.

## COUNT III
**Violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq***

63. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-62 above.

64. Defendants' aforesaid acts violate the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.*, because they have caused, and continue to cause, a probability of confusion or misunderstanding among Michigan consumers as to the source, sponsorship, approval or certification of the goods and services provided.

65. Consumers of the parties' goods and services are likely to be confused, and in fact have been actually confused, as to whether Defendants are affiliated with Plaintiff. Defendants' conduct has had, and will continue to have, an adverse impact on Plaintiff and on consumers because it wrongly suggests a cooperative relationship that does not exist in fact. As a direct and proximate result of Defendants' unfair business practices, consumers have mistakenly believed, and will continue to mistakenly believe, that the recorded music and live performances of Defendant Hall are approved by, endorsed by, or otherwise affiliated with Plaintiff.

66. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

67. On information and belief, Defendants received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not entitled, and Plaintiff has also suffered damages as a result of the unlawful conduct, for which Defendants are responsible.

68. Defendants' unlawful conduct has and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law. Unless enjoined, Defendants will continue their unlawful conduct, further injuring Plaintiff and confusing the public.

## COUNT IV
## Unfair Competition

69. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 68 above.

70. The conduct of Defendants, including the conduct described herein which is contrary to honest practice in industrial or commercial matters, constitutes unfair and unethical trade practices and the tort of unfair competition.

71. As a result of these acts by Defendants, Plaintiff is continuing to suffer damages, in an amount not yet ascertained, and has suffered irreparable harm and loss.

## COUNT V
## Declaratory judgment that Defendant Three Oh One is not entitled to registration of the mark LOGIC

72. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 71 above.

73. Defendant Three Oh One has filed an application for registration of the mark LOGIC as the stage name for Defendant Hall, USPTO Serial No. 85755964.

74. Although the USPTO has issued an initial refusal to register Defendants' LOGIC mark, the USPTO still lists the application as "Live."

75. Defendant Three Oh One declared under oath when it filed the application for registration of the LOGIC mark that Three Oh One believed it was entitled to use of the mark in commerce and that no one else had the right to use the mark in commerce, either in identical form or in such near resemblance as to be likely to cause confusion or mistake, or to deceive.

76. Plaintiff had been using the DJ LOGIC mark in commerce on identical and/or closely related goods long before Defendant Three Oh One filed its trademark application for the LOGIC mark, and Defendant Three Oh One filed its application for registration of the LOGIC

mark less than a month after receiving Plaintiff's cease and desist correspondence demanding that Defendants cease the infringing use of Plaintiff's Mark.

77. Defendant Three Oh One made knowingly false representations in that it knew of Plaintiff's longstanding prior use of the DJ LOGIC Mark when Defendant Three Oh One filed its trademark application for the LOGIC mark.

78. On information and belief, Defendant Three Oh One made these statements with the intent to induce the USPTO to grant Three Oh One a registration to which Defendant Three Oh One knew it was not entitled.

79. If this Court does not declare that Defendant Three Oh One is not entitled to registration of the LOGIC mark for which it applied, the Commissioner of Patents and Trademarks may register the mark for which Defendant Three Oh One fraudulently applied, or at the very least cost Plaintiff a substantial sum of money and years of administrative litigation to avert the fraud upon the Patent and Trademark Office and deny Defendant Three Oh One the registration to which it is not entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment:

1. Preliminarily and permanently enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, from:

   a. Using, promoting, displaying, licensing, advertising, offering for sale, selling, transferring, registering, assigning or otherwise employing or exploiting Plaintiff's DJ LOGIC Mark, the LOGIC mark, or any other name, logo, mark or design that that is confusingly or deceptively similar to the Mark, either alone or in conjunction with other words or

symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods or services performed by Defendant, or in any other manner;

   b. Committing any other acts calculated or having the tendency to cause confusion, mistake, or deception between Plaintiff and its goods and services on the one hand, and Defendants or any other party's goods and services on the other;

   c. Committing any other acts calculated or having the tendency to create the mistaken impression that there is some association, connection or affiliation with and/or sponsorship or approval of Defendants' goods and services by Plaintiff, and/or of Plaintiff's goods and services by Defendants;

   d. Authorizing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (c).

   e. committing trademark infringement, false advertising, false designation of origin, false descriptions, unfair competition, and /or any other act or making any other statement that infringes Plaintiff's Mark or constitutes an act of trademark infringement, false advertising, false designation of origin, false descriptions, unfair competition, or deceptive trade practices under federal law, common law, or the Laws of the State of Michigan.

 2. Requiring Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, containers, advertisements, recordings, electronic media, and other materials bearing the LOGIC mark or any other counterfeit, copy, infringing, or substantially indistinguishable designation of Plaintiff's Mark;

3. Requiring Defendants to publish clarifying statements that Defendants are not associated with Plaintiff;

4. Requiring Defendants to account for and pay over to Plaintiff Defendants' profits and all damages sustained by Plaintiff due to Defendants' misuse of Plaintiff's Mark;

5. Trebling the amount of damages awarded Plaintiff pursuant to 15 U.S.C. § 1117;

6. Awarding Plaintiff his attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1117;

7. Awarding Plaintiff compensatory damages suffered by Plaintiff according to proof;

8. Awarding Plaintiff punitive damages in an amount sufficient to deter and punish Defendants;

9. Awarding Plaintiff interest on the compensatory damages at the highest rate allowed by law;

10. Awarding Plaintiff the costs of suit incurred herein; and

11. Awarding Plaintiff such other relief as the Court may deem just and proper.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　**KERR, RUSSELL AND WEBER, PLC**

　　　　　　　　　　　　　　　　By:  /s/ Michael A. Sneyd
　　　　　　　　　　　　　　　　　　 Michael A. Sneyd (P52073)
　　　　　　　　　　　　　　　　　　 Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　 500 Woodward Ave., Suite 2500
　　　　　　　　　　　　　　　　　　 Detroit, MI  48226
　　　　　　　　　　　　　　　　　　 (313) 961-0200
Dated: January 3, 2014　　　　　　 (313) 961-0388 (Facsimile)
　　　　　　　　　　　　　　　　　　 msneyd@kerr-russell.com

## VERIFICATION

I verify that the facts stated in the Verified Complaint are true and correct to the best of my information, knowledge and belief.

Lee Jason Kibler d/b/a DJ LOGIC

_____

Dated: 12/27/13